IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL NO. SA-22-CR-304-XR |
| | ) SA-23-CR-136-XR |
| SEAN AARON SMITH. | ) |

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION REQUESTING FEDERAL SENTENCE
BE SERVED CONCURRENTLY WITH STATE SENTENCE
OR ALLOW FEDERAL SENTENCE TO BE SERVED FIRST**

COMES NOW, the United States of America, by and through its undersigned Assistant United States Attorneys, and hereby files its Response to Defendant's Motion Requesting Federal Sentence to Be Served Concurrently with State Sentence or Allow Federal Sentence to be Served First, and states:

**Statement of Facts**

1. On August 17, 2023, Defendant pled guilty to both counts in indictment SA-22-CR-304-XR charging him with being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1) and all six counts in indictment SA-23-CR136-XR charging him with arson affecting interstate commerce in violation 18 U.S.C. §844(i). The federal felon in possession charge in SA-22-CR-304-XR stems from events on May 13, 2022, and May 15, 2022, respectively. *See* Presentence Investigative Report (PSR) at ¶1.

2. On January 24, 2024, this Court sentenced Defendant to 78 months imprisonment to be served concurrently on both indictments and all charges. At the time of sentencing, Defendant's state charge for unlawful possession of a firearm by a felon in the 187th District

Court, Bexar County, cause number 2021CR3423, was pending.

3. The state charge in 2021CR3423 stem from Defendant's arrest on July 20, 2020, for the State violation of being a felon in possession of a firearm (repeater)—two years prior to the events leading to his 2022 federal charge of being a felon in possession of a firearm in SA-22-CR-304-XR. PSR, ¶91. Defendant was sentenced in 2021CR3423 on March 7, 2024, to 15 years in TDCJ custody. The state court judge ordered the sentence to be served concurrently with "5:23CR136 in Bexar County, Texas."

4. This July 20, 2020, arrest follows Defendant's recent released from Texas prison on parole just eight months prior on November 5, 2019, for a 2018 criminal conviction for being a felon in possession of a firearm. PSR, ¶78.

## Argument

3. In his instant *pro se* motion, Defendant requests that his federal sentence to be served concurrently with his state sentence or allow his federal sentence to be served first. The United States submits that this Court deny Defendant's motion outright as the Defendant is serving his state incarceration for unrelated criminal behavior proceeding his federal criminal behavior for both being a felon in possession of a firearm and six acts of arson where he intentionally attempted to burn down cell phone towers. In the alternative, this Court should deny Defendant's motion as being premature for failure to comply with 18 U.S.C. §3582 that provides the procedures for a district court to modify a sentence based on a defendant's motion.

4. Defendant incorrectly cites to 18 U.S.C. §3584(a) for the proposition that this Court can grant either alternative Defendant seeks. Section 3584 allows this Court to order a defendant to serve sentences concurrently or consecutively at the court's discretion at time of sentencing. This Court did order Defendant's two federal sentences to run concurrently. And

while §3584 does allow a court to order concurrent sentence to a yet-to-be-resolved State case, *Setser v. United States*, 566 U.S. 231 (2012), Defendant did not request concurrent time to his pending unrelated state crime and the time for direct appeal has long passed.   As courts are encouraged to review *pro se* motions liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the United States submits that the correct statute to review Defendant's motion is 18 U.S.C. §3582(c) that grants courts the ability to modify terms of imprisonment.[1] Section 3582(c) states

> **(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that--
> **(1)** in any case--
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> **(i)** extraordinary and compelling reasons warrant such a reduction
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582.

5. However, under §3582, Defendant's motion first fails in that there is no extraordinary or compelling reason to modify the sentence to allow Defendant either to begin to serve his federal time in state custody or to transfer him from his current state custody to BOP custody. The instant federal cases, both the felon in possession and the arson case are completely unrelated to the state criminal case arising from crimes Defendant committed two years prior to

---

[1] While not applicable in the instant case, Federal Rule of Criminal Procedure 35 also allows a court to modify a clear error of a sentence with 14 days of sentencing or lower a defendant's sentence based on the government's motion for downward departure based on substantial assistance.

his federal criminal conduct. Not only does Defendant fail to list any extraordinary or compelling reasons he should be allowed to be allowed to serve his federal time concurrently with his state incarceration, he admits that he is serving time for "distinct, But Parallel conduct." This reasoning seeks to justify concurrent time for completely different crimes based on Defendant's predilection to repeat the crime of knowingly possessing firearms knowing he is a convicted felon. More to the point, Defendant seeks to have this Court reward him for committing his instant federal crime of felon in possession of a firearm while he was on bond pending his state arrest for being a felon in possession of a firearm committed two years prior to his federal crimes. Defendant does not even address that his concurrent federal sentence also includes his six arsons of cellular phone towers.

6. Defendant's motion illustrates why §3582 also requires Defendant to exhaust his administrative remedies with the United States Bureau of Prisons (BOP). While Defendant correctly states his final release date is in 2039 based on the 15-year sentence he received in 2021CR3423, he completely omits that under Texas Penal Code Section 508.145(f) he could be released on parole after completing as little as 25% of his sentence. According to the Texas Department of Criminal Justice website, Defendant has a projected release date of March 5, 2030, and is eligible for parole as soon as September 3, 2025. *See* Attachment 1. Without BOP first investigating the circumstances of Defendant's current incarceration and the anticipated release date, the Court cannot be adequately informed as to the interplay with Defendant's federal sentence and his state sentence to ensure a just result.

7. Defendant should not be rewarded with concurrent time by being allowed to serve his 2022 third felon in possession (federal) and arson convictions with his unrelated 2020 second felon in possession conviction (state) as he has requested.

## Conclusion

WHEREFORE, to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant, the United States respectfully requests this honorable Court deny Defendant's Motion Requesting Federal Sentence to Be Served Concurrently with State Sentence or Allow Federal Sentence to be Served First.

    Respectfully submitted,

    MARGARET F. LEACHMAN
    Acting United States Attorney


    /s/_____
    MARK T. ROOMBERG
    Assistant United States Attorney
    State Bar 24062266
    601 NW Loop 410, Suite 600
    San Antonio, Texas 78216
    (210) 384-7100

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of May 2025, a true and correct copy of the foregoing instrument was sent certified mailed to:

Sean Aaron Smith
#2495263
Willacy County State Jail
1695 South Buffalo Drive
Raymondville, TX 78580


    /s/_____
    MARK T. ROOMBERG
    Assistant United States Attorney

# **ATTACHMENT 1**



https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=08234899

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL NO. SA-22-CR-304-XR |
| | )                SA-23-CR-136-XR |
| SEAN AARON SMITH. | ) |

## O R D E R

This matter having come before the Court on the Defendant's Motion Requesting Federal Sentence to Be Served Concurrently with State Sentence or Allow Federal Sentence to be Served First, and the Court having received the Government's Response in Opposition thereto, and the Court being otherwise fully advised in the premises,

IT IS HEREBY ORDERED that the Defendant's Motion Requesting Federal Sentence to Be Served Concurrently with State Sentence or Allow Federal Sentence to be Served First be in all things DENIED.

IT IS SO ORDERED.

SIGNED and ENTERED this _____ day of _____ 2025, San Antonio, Texas.

_____
HONORABLE XAVIER RODRIGUEZ
United States District Judge